UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JOHN WILSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OFFICER SHARPS, *et al.*,<br><br>　　　　Defendants. | Case No. 1:21-cv-01651-CDB (PC)<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY COURT ORDERS**<br><br>**14-DAY DEADLINE**<br><br>(Doc. 34) |

On November 16, 2023, Defendants filed a motion for summary judgment, alleging Plaintiff failed to exhaust his administrative remedies prior to filing suit. (Doc. 37.) The motion was accompanied by a *Rand*[1] notice, advising Plaintiff of the requirements for opposing a motion for summary judgment. (Doc. 37-14.)

Pursuant to the Court's order setting a briefing schedule on Defendants' motion for summary judgment, Plaintiff's opposition or statement of non-opposition to the motion was to be filed within 30 days of Defendants' filing.  (Doc. 33 p. 2.) Plaintiff has failed to file either an opposition or a statement of non-opposition and the time to do so has now passed.[2]

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

[2] After Defendants filed a notice of intent to move for summary judgment but *before* the filing of their motion, Plaintiff filed a "Motion not to Rule on Summary Judgment to Dismiss Motion on Administrative Remedies and Extension" on October 13, 2023. (Doc. 34.) As set forth in the Court's order denying

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, **within 14 days** of the date of service of this order, why this action should not be dismissed for his failure to comply with the Court's orders. Alternatively, within that same time, Plaintiff may file his opposition or statement of non-opposition to the motion for summary judgment. **Failure to comply with this order will result in a recommendation that this action be dismissed for failure to obey court orders**.

IT IS SO ORDERED.

Dated:   **December 22, 2023**

UNITED STATES MAGISTRATE JUDGE

---

Plaintiff's motion as premature, "within 30 days of Defendants' filing of any motion for summary judgment, Plaintiff is directed to file an opposition or statement of non-opposition." (Doc.36 at 2.) Accordingly, Plaintiff's filing of his motion seeking to delay the Court's ruling on Defendants' motion for summary judgment did not relieve Plaintiff of his obligations related to responding to Defendants' motion for summary judgment.

2